IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLINTON STRANGE,
    Plaintiff,

              v.

GMR PROCESSING LLC and APE
PROCESSING LLC,
    Defendants.

Civil Action No.
1:21-cv-04469-SDG

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for default judgment [ECF 36] and response to an order to show cause [ECF 41]. For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.     Background**

Proceeding *pro se*, Plaintiff Clinton Strange initiated this action on December 14, 2020, in the United States District Court for the District of Maine.[1] His original Complaint alleged that the "Juice Man,"[2] a fictitious entity, willfully violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

---

[1]   ECF 1.

[2]   In his amended pleading, Strange explains that "Juice Man" is a 1950's era slang term for a debt collector.

The "Juice Man" purportedly engaged in the collection of consumer debts.[3] On September 23, 2019, Strange received a prerecorded voice call initiated by the "Juice Man" concerning debt collection.[4] The telephone number reflected an area code (207) in Maine.[5] Strange resides in Louisiana.[6] He later returned the call and spoke with a female agent who indicated the communication concerned an attempt to collect on a credit card debt of approximately $1,200 that had been defaulted on in 2012.[7] Strange alleged that the agent ultimately became verbally abusive and threatened him with a civil suit and other legal action.[8]

Because Strange was initially unable to identify the actor behind the "Juice Man", he sought and obtained pre-service discovery to uncover the names of the true defendants.[9] On April 27, 2021, Strange filed an Amended Complaint substituting GMR Processing LLC (GMR) and A.P.E. Processing LLC (APE) for

---

[3] ECF 1, ¶ 7.

[4] *Id.* ¶ 13; ECF 23, ¶ 38.

[5] ECF 1, ¶ 17; ECF 23, ¶¶ 38–39, 42.

[6] ECF 23, ¶ 6.

[7] ECF 1, ¶ 14; ECF 23, ¶ 39.

[8] ECF 1, ¶ 15; ECF 23, ¶ 40.

[9] ECF 13; ECF 14; ECF 15; ECF 17; ECF 18; ECF 21.

the "Juice Man."[10] The amended pleading makes the same general allegations as the original pleading, asserting that the September 23 call was placed or initiated by Defendants.[11] Strange asserts causes of action for violations of the TCPA; the FDCPA; the Georgia Fair Business Practices Act; and, the Georgia Unfair or Deceptive Practices Toward the Elderly Act.[12] APE is a Florida limited liability company (as a successor by conversion from a Georgia LLC).[13] Its registered agent was served with process on May 3, 2021.[14] GMR is a Georgia limited liability company.[15] Its registered agent was served with process on May 21, 2021.[16]

On May 28, 2021, Strange filed a motion for entry of default against APE, which was granted the same day.[17] On June 21, he filed a similar motion as to GMR, which was granted the following day.[18] On July 30, Strange filed a motion

---

[10] The two individual defendants Strange named in that pleading have since been dismissed from the action. ECF 39.

[11] ECF 23, ¶ 38. *See generally* ECF 23.

[12] *Id.* at 20–26.

[13] *Id.* ¶ 10; ECF 29, at 1.

[14] ECF 29.

[15] ECF 23, ¶ 9.

[16] ECF 32, at 2.

[17] ECF 30; ECF 31.

[18] ECF 33; ECF 34.

for default judgment against both Defendants.[19] On September 29, however, the District of Maine court entered an Order to Show Cause questioning whether it had personal jurisdiction over Defendants.[20] Strange responded by requesting that the court transfer the action to this Court in the event it concluded it lacked personal jurisdiction.[21] On October 28, the district court did just that and transferred the case here.[22] Strange's motion for default judgment, however, remained pending. It is that motion the Court now considers.

## II.     Applicable Law

Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55. *See also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default

---

19   ECF 36.
20   ECF 41.
21   ECF 42.
22   ECF 43.

judgment.") (cleaned up) (citing Fed. R. Civ. P. 55(a)). Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2).

A default entered under Rule 55(a) constitutes an admission of all well-pleaded factual allegations in a complaint. *Beringer v. Hearshe, Kemp, LLC*, No. 1:10-cv-1399-WSD-ECS, 2011 WL 3444347, at *2 (N.D. Ga. Aug. 8, 2011) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)). An entry of a default by the Clerk, however, does not automatically warrant the Court's entry of default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362. *See also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim."). Thus, when considering a motion for default judgment, "a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Functional Prod. Trading, S.A. v. JITC, LLC*, No. 1:12-cv-0355-WSD, 2014 WL 3749213, at *3 (N.D. Ga. July 29, 2014). *See also Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Beringer*, 2011 WL 3444347, at *2 (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985)).

Notably, a defendant in default does not admit allegations relating to the amount of damages. *Frazier*, 767 F. Supp. 2d at 1365. Thus, if a defendant seeking a default judgment requests an uncertain or speculative damage amount, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## III.   Discussion

### A.   Jurisdiction

The Court has personal jurisdiction over GMR, which is alleged to be a limited liability company organized under the laws of the State of Georgia.[23] Although APE was originally created as a Georgia LLC, it was converted to a Florida LLC on March 28, 2017, and dissolved as a Georgia LLC shortly thereafter.[24] Thus, at the time of the call relevant to Strange's claims *and* at the time this action was initiated, APE does not appear to have had a connection to the State of Georgia and the Amended Complaint does not supply one.

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489,

---

[23]   ECF 23, ¶ 9.

[24]   *See generally* ECF 29.

492 (11th Cir. 1988)). Before granting a motion for default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) (explaining that a default judgment is void if the court that granted the default judgment lacked jurisdiction over the subject matter or parties); *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (same); *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999) ("A defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction even if the court entering the default determined that it had personal jurisdiction over the defendant."). The Court is unable to conclude that it has personal jurisdiction over APE based on the operative pleading.

The Supreme Court recognizes two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779–80 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Wash.*

*Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). In contrast, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Id.* (citation omitted).

That the Amended Complaint does not allege a basis for personal jurisdiction over APE is unsurprising given the procedural history of this case: Strange filed the amended pleading before the District of Maine court transferred the action here. As a result, this Court (as discussed further below) will provide Strange an opportunity to show why this Court has personal jurisdiction over APE, or alternatively that personal jurisdiction exists over APE in a United States District Court in the State of Florida.

### B.  Fair Debt Collection Practices Act

In Count I, Strange alleges that GMR violated the FDCPA.[25] He asserts he has suffered "monetary loss, fear, stress, mental anguish, emotional stress, acute embarrassment, anxiety, loss of sleep, and suffering."[26] To establish a violation of the FDCPA, the plaintiff must show that

> (1) [he][has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited

---

[25]  ECF 23, ¶ 57.

[26]  *Id.* ¶ 56.

>act or has failed to perform a requirement imposed by the FDCPA.

*Buckley v. Bayrock Mortg. Corp.*, No. CIV. A. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (citations omitted).

### 1. Collection Activity

The first element of an FDCPA claim has two requirements. First, there must be collection activity; second, the activity must relate to a consumer debt. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011). "[C]ollection activity" is not expressly defined in the FDCPA. *LeBlanc*, 601 F.3d at 1193 n.15. "While the statute contains no clear definition of what constitutes a 'debt collection activity,' courts, in attempting to effect the purpose of the FDCPA are lenient with its application." *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) (citations omitted). A debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The FDCPA is thus limited to "consumer debt." *Heintz v. Jenkins*, 514 U.S. 291, 293 (1995).

Strange adequately alleges this first element of his FDCPA claim. The agent to whom Strange spoke stated that she was attempting to collect a debt on a VISA account.[27] This is enough to show collection activity and a consumer debt.

### 2. Debt Collector

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Strange alleges that GMR is a debt collector because it "employs the agents[,] servants and[/] or employees who answer the phones from worried and confused consumer debtors."[28] Strange further alleges that GMR participated in the scheme with APE and others to collect debts, including "directly and indirectly participat[ing] in the unlawful debt collection practices to collect an alleged debt from" him.[29] This is enough to establish the second element of Strange's FDCPA claim.

---

[27] *Id.* ¶ 39.

[28] *Id.* ¶ 22.

[29] *Id.* ¶ 24.

### 3. Prohibited Act or Requirement

The third element of an FDCPA claim requires a showing that the defendant has engaged in a prohibited act or failed to perform a requirement imposed by the FDCPA. The Amended Complaint alleges that GMR violated 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.[30] Those violations are, however, all based on a single phone call in September 2019. And Strange can only recover damages under § 1692k one time, regardless of the number of FDCPA provisions GMR violated.

Section 1692k provides, among other things, that

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . .
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). In *Harper v. Better Business Services, Inc.*, the Eleventh Circuit rejected the plaintiff's contention that the maximum additional statutory damages

---

[30] *Id.* ¶ 57.

were not limited to $1,000 *per action*. 961 F.2d 1561 (11th Cir. 1992). "The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt." *Id.* at 1563. Accordingly, the Court finds it unnecessary to analyze every provision on which Strange relies and focuses solely on Section 1692e because the number of violations cannot alter the amount of damages to which he is entitled.

### *i.* Section 1692e

Under Section 1692e, debt collectors are prohibited from using false and misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. This section specifically prohibits various types of conduct, including:

> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person . . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . . .
>
> (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
>
> . . . .

> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. § 1692e(3)–(5), (7), (14).

The Amended Complaint alleges that the female agent with whom Strange spoke represented that "The Law Offices of the Highland Firm" were trying to collect the debt. She suggested that Strange had committed a crime by threatening him with legal action for "felonies" and threatened to file a civil lawsuit against him.[31] In addition to violating the express language of subsection (4), courts have concluded that threats of arrest or criminal prosecution can also violate § 1692e(5). *See Carey v. Hannah, Kendrix, Zachary & Assocs., LLC*, Civ. A. No. 1:11-CV-01782-SCJ-AJB, 2012 WL 13133676, at *5 (Dec. 21, 2012), *adopted by* 2013 WL 12382308 (N.D. Ga. Jan. 11, 2013) (concluding that threats of arrest if the alleged debt was not paid, where the debt collector did not intend to have plaintiff arrested, constituted a violation of § 1692e(5)); *see also Chiverton v. Fed. Fin. Grp., Inc.*, 399 F. Supp. 2d 96, 104 (D. Conn. 2005); *West v. Costen*, 558 F. Supp. 564, 579 (W.D. Va. 1983) (concluding that debt collection agent's notation of a "warrant pending" on

---

[31] *Id.* ¶¶ 39–40.

form sent to debtor where neither agent nor any creditor ever intended to have debtor arrested constituted a violation of, *inter alia*, § 1692e(5)).

Moreover, as alleged GMR violated subsections (3) and (14) of the statute by falsely representing that it was attempting to collect the debt on behalf of The Law Offices of the Highland Firm. The Amended Complaint alleges that the Highland Firm is actually a law firm in Alabama that is entirely unrelated to GMR.[32] Accordingly, Strange has sufficiently alleged that GMR engaged in acts prohibited by the FDCPA and he is entitled to judgment in his favor on Count I.

### C.   Telephone Consumer Protection Act

In Count II, Strange alleges that Defendants violated the TCPA's autodial restrictions, codified at 47 U.S.C. § 227(b)(1)(A)(iii).[33] He seeks statutory damages of $500, and argues such damages should be trebled under § 227(b)(3)(C) because of Defendants' alleged willful and knowing conduct.[34] Strange also seeks permanent injunctive relief.[35]

---

[32] *Id.* ¶¶ 44–45.
[33] *Id.* ¶ 60.
[34] *Id.* ¶¶ 61–62.
[35] *Id.* ¶ 63.

Congress enacted the TCPA in 1991 "to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of . . . automatic dialers." *Ashland Hosp. Corp. v. Serv. Emp. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 740 (6th Cir. 2013). Congress found that "automated or prerecorded telephone calls made to private residences . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019) (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)).

Section 227(b)(1)(A)(iii) prohibits using an "automatic telephone dialing system or an artificial or prerecorded voice" to place calls "to any telephone number assigned to a paging service, cellular telephone service . . . ." To state a claim under this section, the plaintiff must provide sufficient support to show that "(1) a call was made to a cell or wireless phone, (2) by the use of an automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1353–54 (S.D. Fla. 2018) (quoting *Witchard v. Allied Interstate, LLC*, Case No. 8:15-cv-1109-T-33MAP, 2015 WL 6817163, at *2 (M.D. Fla. Nov. 6, 2015)).

Strange has sufficiently alleged that GMR violated this statute with its initial prerecorded message to him.[36] He alleges the specific date and time of the call, that the call was made to his cellphone, the content of the prerecorded voice recording, and that the call was not authorized because "pre-recorded voice messages annoy the Plaintiff really bad."[37] Strange is therefore entitled to entry of judgment in his favor on Count Two. He has not, however, established that GMR's conduct was willful and knowing, which was necessary to trigger the trebling provision of Section 227(b). Although he alleges the offending conduct was willful,[38] this is a legal conclusion unsupported by any specific factual allegations. Based on the facts GMR admits by virtue of its default, it placed only one call to Strange. There are no facts showing it knew it was placing the call to a cellphone or that it was aware the call was not authorized. Accordingly, there is no basis to treble any statutory damages award. Moreover, Strange has not alleged that GMR's conduct is likely to be repeated, making a permanent injunction against GMR inappropriate.

---

[36] *Id.* ¶ 38.

[37] *Id.* ¶¶ 38, 46.

[38] *Id.* ¶ 62.

### D.  Georgia Fair Business Practices Act (GFBPA)

Strange correctly asserts that conduct in violation of the FDCPA can also violate the analogous Georgia law, O.C.G.A. § 10-1-390, *et seq.*[39] *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1303 (11th Cir. 2012) ("[A] violation of the FDCPA constitutes a violation of the GFBPA."); *Gilmore v. Account Mgmt., Inc.*, 357 F. App'x 218, 219–20 (11th Cir. 2009) (per curiam) (same). He asserts a claim for violation of the GFBPA in Count III. Since Strange is entitled to judgment on his FDCPA claim, he is also entitled to judgment on his GFBPA claim.

### E.  Georgia Unfair or Deceptive Practices Toward the Elderly Act (GUDPTEA)

The GUDPTEA enhances the penalties that a court may impose for a violation of the GFBPA when the violation is against an elderly or disabled person. O.C.G.A. § 10-1-851; *Horne v. Harbour Portfolio VI, LP*, 304 F. Supp. 3d 1332, 1344 (N.D. Ga. 2018) ("Under Georgia law, individuals who violate the [GFBPA] are subject to additional civil penalties if the violation is committed against elder or disabled persons.") (citations omitted). Count IV of the Amended Complaint alleges that Strange is a disabled person within the meaning of O.C.G.A. § 10-1-850(1) and that GMR therefore violated the GUDPTEA because it "knew or

---

[39]  *Id.* ¶ 66.

reasonably should have known that [its] relentless violative misconduct might cause harm to a certain percentage of disabled persons in their allegedly unfair debt collection campaign activities."[40]

Strange alleges that he is a disabled veteran, and receives disability benefits from the VA.[41] Strange further avers that he has been classified by the State of Louisiana and the VA as "totally and permanently disabled."[42] This is sufficient to meet the definition of "disabled person" under O.C.G.A. § 10-1-850. Accordingly, the Court can impose additional penalties on GMR of up to $10,000. *Id.* § 10-1-851.

## IV. Conclusion

Strange's motion for default judgment is **GRANTED IN PART** and **DENIED IN PART**. Because the Court may lack personal jurisdiction over APE, it cannot enter default judgment against APE at this time. Strange's motion is **DENIED WITHOUT PREJUDICE** as to his claims against APE. Strange's motion is, however, **GRANTED** as to liability against GMR on all counts but **DENIED** to the extent Strange seeks treble damages and injunctive relief against GMR under

---

[40]   *Id.* ¶¶ 69, 71.

[41]   *Id.* ¶ 37.

[42]   *Id.* ¶ 69.

Count II. The Clerk is **DIRECTED** to terminate "Juice Man" as a defendant in this action, and to terminate the September 29, 2021 Order to Show Cause [ECF 41].

Within 14 days after entry of this Order, Strange is **DIRECTED** to **SHOW CAUSE** why this Court has personal jurisdiction over APE, or alternatively that a United States District Court in Florida has such jurisdiction over APE. After the jurisdictional question concerning APE is resolved, the Court will provide further instructions concerning resolution of the damages award with respect to GMR.

**SO ORDERED** this 28th day of March, 2022.

_____
Steven D. Grimberg
United States District Court Judge